```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JENNIFER GUEST, ET AL.,          :
                                 :
     Plaintiffs,                 :
                                 :
     v.                          :      CASE NO. 3:08CV1247(AWT)
                                 :
ALZHEIMER'S RESOURCE CENTER,     :
                                 :
     Defendant.                  :
```

### RULING ON MOTIONS TO COMPEL AND FOR SANCTIONS

The *pro se* plaintiff, Jennifer Guest, was formerly employed by the defendant, the Alzheimer's Resource Center. According to the complaint, the plaintiff took leave under the Family Medical Leave Act in 2006 to help her mother after surgery. Plaintiff alleges that she was ridiculed and harassed by coworkers or supervisors during her leave, causing emotional distress to both her and her mother. After returning to work, the plaintiff discovered that she had a bulging disc, which made her unable to work full-time. The defendant would not permit her to work part-time. The plaintiff resigned in January 2007 but alleges that she could have returned to work. The plaintiff's mother, Nancy Guest, is also a *pro se* plaintiff in this action. The defendant describes this lawsuit as an action alleging violation of the federal Family Medical Leave Act and the Connecticut Family Medical Leave Act. (See doc. #17 at 2.)

Pending before the court are the defendant's Motion to Compel Plaintiff Jennifer Guest's Deposition and for Sanctions (doc. #13)

and defendant's Motion to Compel Plaintiff's Discovery Responses (doc. #17). Both motions are directed to plaintiff Jennifer Guest.

The plaintiff has not filed an objection to the motion to compel discovery responses. As to the motion regarding her deposition, the plaintiff has filed two short responses (docs. #15, 20).

A.  Motion to Compel Responses to Written Discovery

The defendant moves to compel the plaintiff to respond to its written discovery requests. The defendant reports that on September 15, 2008, it served the plaintiff with its First Set of Discovery Requests. Plaintiff did not respond by the October 15, 2008 deadline. On October 16, 2008, defense counsel wrote to the plaintiff informing her that her responses were late, and that her deposition scheduled for October 22, 2008 would be rescheduled as a result. On October 23, 2008, plaintiff served a response to the written discovery request. The defendant contends that her responses were incomplete.

Plaintiff's responses indicated that additional documents would be produced, but defense counsel represents that plaintiff did not make any further production. By a letter to plaintiff dated January 12, 2009, defense counsel explained in detail the deficiencies of plaintiff's previous responses. The plaintiff responded with a January 27, 2009 letter enclosing some additional documents. The defendant represents, however, that it still has not received complete responses to its discovery requests.

On January 12, 2009, the defendant served its Second Set of Discovery Requests, consisting of one additional request for production. Plaintiff has not responded to the Second Set of Discovery Requests in any manner.

The defendant argues in its Motion to Compel that the plaintiff has failed to provide adequate responses to its discovery requests regarding her medical treatment, her emotional distress claim, her claim for back pay and other damages, and a car accident that plaintiff was involved in on August 13, 2004.[1]

The defendant moves to compel complete responses to certain requests within the First Set of Discovery Requests. As to Interrogatories #6 and 15 and Requests for Production #14, 15, 17, 23, and 27, the court has reviewed the requests and finds them to be relevant to the plaintiff's claim. The motion to compel is therefore granted as to those requests. Request #24, a request that the plaintiff sign a blank IRS form titled "Request for Transcript of Tax Return" for no year in particular, is denied without prejudice as overbroad.

The defendant also moves to compel plaintiff to respond to the Second Set of Discovery Requests, which consists of a single request for production of medical records having to do with the plaintiff's August 13, 2004 motor vehicle accident. The

---

[1] The defendant explains that the car accident is relevant because of the plaintiff's January 2007 resignation letter, which stated that her resignation was "due to problematic health issues from a DMV accident of 2004." (See Def's Motion to Compel, doc. #17, ex. H.)

information sought by this request is relevant and the motion to compel is therefore granted.

The plaintiff is ordered to respond in full and with particularity to all interrogatories.  Her responses shall be made under oath.  Plaintiff also shall send defense counsel complete and legible copies of all the documents requested in the Requests for Production.  The plaintiff is reminded that she must produce all responsive documents that are in her possession, custody or control.  This includes items, such as medical records, that are not in her personal possession but which she can obtain upon request.

Pursuant to Local Rule 37(d), plaintiff's responses are due within ten days of the filing of this order.

B.   Motion to Compel Deposition

The plaintiff's deposition was originally scheduled for October 22, 2008 but was cancelled due to plaintiff's failure to respond to written discovery.  The defendant subsequently corresponded with the plaintiff in an effort to reschedule her deposition.  The deposition was ultimately noticed for February 20, 2009.  A copy of the deposition notice was sent to the plaintiffs with a cover letter dated January 12, 2009.  (Def's Mem., doc. #13, ex. H.)  The defendant has attached to its motion a FedEx confirmation showing a delivery on January 14, 2009 accepted by "N. Guest."  (Id., ex. I.)

The plaintiff has filed two one-page responses.  The first of

4

these, doc. #15, states that "[t]he plaintiff never received notice prior to the supposed Feb. 20, 2009 deposition date." (Doc. #15.) The plaintiff says that, although the February 20 date had been discussed, it was not confirmed. Plaintiff then indicates "Fridays are still good but [I] need at least a few weeks notice." (Id.) Plaintiff adds "This is ridiculous. My mother has memory problems . . . If she got notice which I never saw she forgot all about it." (Id.)

Plaintiff's second filing also indicates a willingness to proceed with her deposition but adds that "Jennifer Guest's pro se attorney Nancy Guest will appear on behalf of Jennifer to question plaintiff." (Doc. #20.)

The plaintiff is ordered to appear for her duly-noticed deposition and to submit to questioning as required by the Federal Rules of Civil Procedure. The record shows that defense counsel have made efforts to accommodate plaintiff's work schedule, and the court trusts that they will continue to make such efforts.

The court also reminds the *pro se* plaintiffs that each of them represents herself alone. A *pro se* party cannot appear as a "*pro se* attorney*" for another *pro se* party as suggested by the plaintiff's submission in doc. #20. However, each party is free to ask questions at the deposition.

C.  Sanctions

The defendant's motions ask the court to impose sanctions both for plaintiff's failure to respond to written discovery and for her

5

failure to appear for her deposition.

Pursuant to Fed. R. Civ. P. 37(d), the court "may, on motion, impose sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or written response."  Such sanctions may include, in the court's discretion, an order prohibiting the disobedient party from introducing designated matters in evidence, striking pleadings in whole or in part, or dismissing the action in whole or in part.  Fed. R. Civ. P. 37(b), 37(d)(3). In addition,

> the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

As to the motion to compel discovery responses, the request for sanctions is denied in light of the plaintiff's *pro se* status and evident lack of familiarity with discovery.

As to the deposition, the plaintiff claims that she did not receive notice of it and did not know it had been scheduled.  In this instance, the court will give the plaintiff the benefit of the doubt in light of her *pro se* status.  The request for sanctions due to plaintiff's failure to appear for her deposition is denied. However, both plaintiffs are reminded that they are responsible for actively remaining abreast of all developments in their case and

will be presumed to have read all legal mail delivered to their address.

**Moreover, the plaintiff is warned that her failure to comply with this order or any other order of the court may lead to the imposition of sanctions, including monetary sanctions or dismissal of the action.**  A party's *pro se* status does not excuse her from complying with the Federal Rules of Civil Procedure and this court's Local Rules.

D.  Conclusion

The defendant's Motion to Compel Plaintiff Jennifer Guest's Deposition and for Sanctions (doc. #13) and defendant's Motion to Compel Plaintiff's Discovery Responses (doc. #17) are granted in part and denied in part as set forth herein.

SO ORDERED at Hartford, Connecticut this 19th day of May, 2009.

```
           ____/s/_____
           Donna F. Martinez
           United States Magistrate Judge
```